```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO

PAT GITLER dba Peaceful Acres      )    CASE NO. 3:07 CV 2899
     Mobile Home Park,             )
                                   )
          Plaintiff,               )    CHIEF JUDGE JAMES G. CARR
                                   )
     v.                            )
                                   )    OPINION AND ORDER
UNITED STATES ATTORNEY, et al.,    )
                                   )
          Defendants.              )
```

On September 24, 2007, plaintiff pro se Pat Gitler dba Peaceful Acres Mobile Home Park initiated this action with a document entitled "Complaint 60 B Motion for Relief from Fraudulent Judgment Plus Two Million Dollars Punitive Damages for Fraud Revive Case." The gist of the complaint is a challenge to a 2001 Ohio Court of Common Pleas ruling finding plaintiff did not operate the mobile home park's drinking water system in accordance with Ohio laws and Ohio EPA requirements. For the reasons stated below, this action is dismissed.

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing a case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general

constitutional challenge to the state law applied in the state action.  Id.; Tropf, 289 F.3d at 937.

In the present action, plaintiff directly attacks a state court's decision, and the action is clearly predicated on her belief that the state court was mistaken in rendering its decision against her.  Any review of plaintiff's claims would require the court to review the specific issues addressed in the state court proceedings.  This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested.  Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.  Therefore, this action is appropriately subject to summary dismissal.  Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988)(recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed.

IT IS SO ORDERED.


S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

3